JS-6  LINK: 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00134 GAF (FFMx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Joseph Gordon v. Republic Services Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

This action was previously removed to this Court and remanded on the basis of insufficient allegations of diversity.  (See CV 12-8589, Docket No. 1; Docket No. 6.)  Defendant Republic Services Inc. ("Republic") has now removed a second time, on the exact same basis.  (CV 13-00134, Docket No. 1, [Not. of Removal ("Not.")].)  For that reason, as explained in greater detail below, the Court again **REMANDS** this case.

On September 5, 2012, Plaintiff Joseph Gordon filed suit against Republic in Los Angeles County Superior Court, asserting various state causes of action for discrimination, intentional infliction of emotional distress, and wrongful termination.  (Not., Ex. 1 [Compl.].)  Republic removed the action to this Court originally on October 5, 2012, alleging diversity jurisdiction under 28 U.S.C. § 1332.  (Id. ¶ 3.)  The CV 12-8589 action was remanded on October 17, 2012 because Republic's allegation of Plaintiff's state of residency was insufficient to establish citizenship.  (Id. ¶ 4.)  Republic avers that "[o]n December 14, 2012, Defendant commenced Plaintiff's deposition" and "[i]n deposition, Plaintiff was asked a number of questions pertaining to his 'domicile' at the time of the filing of the State Court Action."  (Id. ¶¶ 5-6.)  Republic re-removed, again on the basis of diversity jurisdiction, claiming that "[t]he deposition transcript is the first 'paper' from which Plaintiff's 'domicile,' and thus citizenship . . . can first be

JS-6    LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00134 GAF (FFMx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Joseph Gordon v. Republic Services Inc et al | | |

ascertained." (Id. ¶ 7.) Accordingly, Republic believes that removal is timely pursuant to 29 U.S.C. § 1446. (Id.)

**II.
DISCUSSION**

In the Ninth Circuit, "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a **new** and **different** ground for removal." Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991) (quoting FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979)) (emphasis in original); see Lara v. San Bernardino Steel Inc., 2011 U.S. Dist. LEXIS 110046, at *5 (C.D. Cal. Sept. 20, 2011) ("[A] party cannot remove a case twice based on the same grounds.") "Indeed, a second attempt at removal is justified only when there has been a 'substantial change in the nature of the instant case since it was last in this court.'" GB Inland Props. v. Levay, 2012 U.S. Dist. LEXIS 80039, at *3 (C.D. Cal. June 7, 2012) (quoting One Sylvan Rd. N. Assocs. v. Lark Int'l, 889 F. Supp. 60, 64 (D. Conn. 1995).

Republic originally removed this action on October 5, 2012 on the basis of diversity jurisdiction. (Not. ¶ 3.) Republic now removes a second time for the exact same reason. (Id. ¶¶ 8-10.) This time Republic alleges Plaintiff's state of citizenship, rather than his state of residency. (Id. ¶¶ 3-4, 10.) Republic argues that the deposition transcript was the first "paper" from which Plaintiff's domicile could be established. (Id. ¶¶6-7.) Be that as it may, this information does not give Republic a new thirty-day period for removal.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

Id. (citing 28 U.S.C. § 1446(b)). However, Harris does not stand for the proposition that a defendant can remove prematurely and on the basis of insufficient information and then remove yet a second time, on that same basis, within thirty days of receiving some other paper that

JS-6         LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00134 GAF (FFMx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Joseph Gordon v. Republic Services Inc et al | | |

provides the information that should have been collected before removal was ever attempted. This is plainly contrary to the policy that "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts," which "guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation." Harris, 425 F.3d at 698. Harris noted that its ruling "ensure[d] respect for the jurisdiction of state courts" because it "assur[ed] that removal occurs once the jurisdictional facts supporting removal are evident." Id.

Republic's removal is not based on **new** and **different** grounds, rather it "is offering additional evidence to prove what should have been proved in the first Notice of Removal - Plaintiff's citizenship." Ybarra v. Apt. Inv. & Mgmt. Co., 2012 U.S. Dist. LEXIS 105145, at *3 (C.D. Cal. July 27, 2012). Furthermore, the Court fails to see the difference between permitting a second removal petition on the same grounds as the first and permitting an appeal or reconsideration of a remand order. The Ninth Circuit has clearly held that "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. . . . [A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction." Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988). Regardless of when this action first became removable, Republic already tried once on the identical grounds it now seeks to remove. If Republic wanted to remove, it had a responsibility to do so properly, and not prematurely on the basis of insufficient information. To permit a second removal here would frustrate the policy of preventing premature and protective removals and would effectively act as a reconsideration of the Court's prior remand order.

Because Republic offers no new grounds for jurisdiction, the Court lacks jurisdiction over this second removal. Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**